# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30485
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2020

Lyle W. Cayce
Clerk

CHESTER BROWN,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-9121

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Chester Brown, Louisiana prisoner # 97411, was convicted of armed robbery and second-degree murder and sentenced to imprisonment for life. The district court dismissed Brown's 28 U.S.C. § 2254 application with prejudice and denied his motion to stay the proceedings pending the completion of his state post-conviction proceedings. Brown now has filed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motions for a certificate of appealability (COA) and for leave to proceed in forma pauperis (IFP) on appeal.

In his motion for a COA, Brown argues that the district court erred in dismissing his claim that he has new evidence, consisting of an affidavit from one of his original accusers now stating that Brown did not take any part in the crimes, which shows he is actually innocent. To obtain a COA, Brown must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Brown "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). However, a freestanding claim of actual innocence does not state an independently cognizable ground for § 2254 relief. *See Kinsel v. Cain*, 647 F.3d 265, 270 n.20 (5th Cir. 2011). Brown does not raise any other claim of constitutional error. Therefore, he has not shown that reasonable jurists would debate the district court's resolution of his constitutional claims, and his motion for a COA is DENIED. *See Miller-El*, 537 U.S. at 327. In light of this determination, his motion for leave to proceed IFP also is DENIED.

Brown also challenges the district court's denial of his motion to stay his § 2254 proceedings. "A COA is not required to review the district court's ruling on a non-merits issue such as a stay." *Young v. Stephens*, 795 F.3d 484, 494 (5th Cir. 2015). Because he has not shown he will raise a meritorious issue, he has failed to show that the district court abused its discretion by denying his motion to stay the proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The district court's denial of Brown's motion to stay his § 2254 proceedings is AFFIRMED.